IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr94-MHT |
| | ) | (WO) |
| RICHARD LEE BURNETTE | ) | |

OPINION AND ORDER

This cause is before the court on defendant Richard Lee Burnette's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for May 15, 2017, should be continued pursuant to 18 U.S.C. § 3161(h)(1).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared

>before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).

The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "deny the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that the ends of justice served by granting a continuance outweigh the interest of the public and Burnette in a speedy trial. Burnette stated in his unopposed motion to continue that he has a pending state-court charge that may be added to the current charges in a superseding indictment after the

grand jury convenes in June 2017. The parties informed the court during a conference call held on the record on April 13, 2017, that they hope to reach a global settlement of all charges after the new charge is added to the case and discovery for that charge is completed. A continuance is therefore warranted to enable Burnette to pursue this plea option fully.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Richard Lee Burnette's motion for continuance (doc. no. 14) is granted.

(2) The jury selection and trial, now set for May 15, 2017, are reset for September 5, 2017, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 17th day of April, 2017.

                                   /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**